# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-1581V

| | |
|---|---|
| TODD DURANT personal representative of the estate of JENNIFER DURANT,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: September 28, 2023 |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Debra A. Filteau Begley*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

　　On October 11, 2018, Jennifer Durant filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act").[3] Ms. Durant alleges that she suffered from Guillain-Barre Syndrome as a result of an influenza vaccine administered on September 30, 2015. Petition, ECF No. 1.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

[3] Following Ms. Durant's death, the court granted Petitioner's motion to amend the caption to substitute her husband, Mr. Todd Durant as Petitioner on behalf of Ms. Durant's estate. ECF No. 85.

On December 2, 2022, I issued a decision awarding compensation for Ms. Durant's GBS injury, based on the parties' stipulation. ECF No. 91.

On June 7, 2023, Petitioner filed a motion for attorney's fees and costs. ECF No. 95. On June 28, 2023, Petitioner filed a Supplemental Application for Attorneys' Fees, (ECF No. 102), requesting an award of $50,477.29 (representing $48,917.10 for attorney's fees and $1,560.19 for attorney's costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner incurred out-of-pocket expenses in the amount of $3,212.96. ECF No. 96.

Respondent reacted to Petitioner's first motion on June 9, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 97. Petitioner filed a reply on June 16, 2023, stating that, "Petitioner reasserts his motion for fees and costs relating to petitioner's claim for reimbursement." ECF No. 101.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through 2023 are reasonable and consistent with prior determinations, and will therefore be adopted. All travel time was also properly billed at one-half of the attorney's usual hourly rate. *Id.* at 26; *see,* e.g., *Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011). Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 95 at 35-79.

Finally, Petitioner requests out-of-pocket expenses in the amount of $3,212.96. ECF No. 96. These costs are comprised of postage costs and attorney's fees and costs related to the establishment of Jennifer Durant's estate and appointment of her husband, Todd Durant, as personal representative. ECF No. 95 at 78. "Special masters generally award the reasonable costs of establishing an estate and appointing a representative," but not costs which are excessive or related to the administration of the estate will be awarded. *Fulling v. Sec'y of Health & Hum. Servs.,* No. 18-1549V, 2022 WL 3023505, at *3 (Fed. Cl. Spec. Mstr. July 11, 2022); *accord. Durand v. Sec'y of Health & Hum. Servs.,* No. 15-1153V, 2020 WL 639372, at *6-7 (Fed. Cl. Spec. Mstr. Jan. 16, 2020). I have reviewed the requested costs and find them to be reasonable and will award the full amount requested.

2

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded the total amount of $53,690.25 as follows:**

- **A lump sum of $50,477.29, representing ($48,917.10 for attorney's fees and $1,560.19 for attorney's costs), in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ronald Craig Homer; and**

- **A lump sum of $3,212.96, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.